MEMORANDUM **
Gurmajor Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Rivera v. Mukasey, 508 F.3d 1271, 1274 (9th Cir.2007), and we deny the petition for review.
Substantial evidence supports the BIA’s adverse credibility determination because Singh admitted that his statements at the asylum interview were inconsistent with his testimony regarding his political activities. See Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir.2001) (inconsistencies related to basis for alleged fear of persecution go to the heart of the claim). The IJ reasonably found Singh’s explanations for the inconsistencies unconvincing. See Rivera, 508 F.3d at 1275. In the absence of credible testimony, Singh failed to demon *129 strate eligibility for asylum or withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
Because Singh’s CAT claim is based on the same statements found to be not credible, and he points to no evidence in the record that compels the conclusion that it is more likely than not he would be tortured if returned to India, substantial evidence supports the BIA’s denial of CAT relief. See id. at 1156-57.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.